McGREGOR W. SCOTT
United States Attorney
KENDALL J. NEWMAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone No. (916) 554-2821

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 7414 SUMMER AVE., CITRUS HEIGHTS SACRAMENTO COUNTY, CALIFORNIA, APN: 204-0284-008-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 2925 BURNECE STREET, SACRAMENTO, SACRAMENTO COUNTY, CALIFORNIA, APN: 269-0051-018, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO<br><br>Defendants. | 2:04-CV-00806-DFL-GGH<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulations for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against certain real properties listed in the caption above. The real properties are more particularly described in Exhibit A, attached hereto and incorporated herein by reference.

2. A Complaint for Forfeiture In Rem was filed on April 22, 2004, seeking the forfeiture of the defendant real properties, alleging that said properties are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3. On May 10, 2004, the defendant real properties were posted with a copy of the complaint and notice of complaint.

4. On May 24, 2004, June 1, 2004, and June 7, 2004, a Public Notice of Posting of the defendant properties appeared by publication in The Daily Recorder, a newspaper of general circulation in the county in which the defendant real properties are located (Sacramento County).

5. In addition to the Public Notice of Posting having been completed, actual notice or attempted notice was acknowledged by the following:

a. Roberto Orantes aka Rafael Arreguin

b. Richard Avila

c. Greg Sparkman

d. Bank of America, N.A.

e. Sacramento Postal District Employees Union

f. Western Sunrise aka Crossland Mortgage

g. US Bank Home Mortgage

6. Roberto Orantes aka Rafael Arreguin, Bank of America, and Richard Avila filed verified claims and answers alleging an interest in the defendant real properties. Concurrently with the filing of this proposed Final Judgment of Forfeiture, Roberto Orantes aka Rafael Arreguin and the United States will file a stipulation in which Roberto Orantes stipulated to the forfeiture of his interest in the defendant real properties.

7. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

9. Claimant Richard Avila shall have seven days from entry of the Final Judgment of Forfeiture in which to pay the United States the sum of $125,000.00 by check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

10. Upon payment of the above-referenced $125,000.00, the United States shall cause a payment demand to be made upon the escrow or title company handling the private sale of the following property:

> 7414 Summer Avenue, Citrus Heights, California, APN: 204-0284-008-0000

Said payment demand shall provide that upon the payment to the United States of an additional $125,000.00 from escrow of the above-described property the escrow company shall record a withdrawal of the government's lis pendens on each of the defendant real properties that are the subject of this action.[1]

---

[1] On or about April 14, 2006, the United States received check number 00770629 in the amount of $250,000 from Alliance Title Company. That day the United States hand delivered that check to the U.S. Marshals Service to be deposited into their Asset Forfeiture Suspense Account pending further order of the Court. The United States has recorded Notices of Withdrawal of Lis Pendens for

11. The $125,000.00 described in paragraph 9 above, and the $125,000.00 described in paragraph 10 above (the total sum of $250,000.00) shall be substituted for the defendant real properties. All right title and interest in this substitute $250,000.00 *res* shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

12. If following 10 days from entry of judgment upon this stipulation, the terms of the parties' agreement set forth in paragraphs 9-11 are not fully accomplished, the parties stipulate that upon the notice of any party, the Court shall vacate the judgment entered upon the stipulation filed herein and reinstate this case to the Court's active calendar.

13. The United States and claimant Richard Avila agree to execute any and all documents necessary to effectuate any sale, transfer or disposition of the defendant real properties as may be necessary to effectuate the above-listed terms.

14. Claimants Richard Avila, Roberto Orantes and Bank of America, N.A. hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of defendant real properties. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The claimants waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or**

---

the above-listed real properties.

**suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

15. Claimant Richard Avila shall maintain the defendant real properties in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until such time as the United States shall receive full payment of the $250,000 sub *res*. The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the properties clean and performing such necessary sanitation and waste removal; keeping the properties in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

16. Until such time as the United States shall receive full payment of the $250,000 sub *res*, claimant Richard Avila shall maintain all insurance policies currently in effect with respect to the properties, including policies covering liability to persons injured on said properties and for property damage to the defendant real properties.

17. Until such time as the United States receives full payment of the $250,000 sub *res*, claimant Richard Avila shall not convey, transfer, encumber, lien, or otherwise pledge either of the defendant real properties without the prior, written approval of the United States.

18. There was reasonable cause for the posting of the defendant real properties, and the Court may enter a Certificate of

Reasonable Cause pursuant to 28 U.S.C. § 2465.

19. All parties are to bear their own costs and attorneys' fees.

20. The Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

SO ORDERED THIS 26 day of June, 2006.

DAVID F. LEVI
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulations for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real properties.

DATED: 26 June 2006

DAVID F. LEVI
United States District Judge

EXHIBIT A

7414 Summer Avenue, Citrus Heights, California

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

LOT 203, AS SHOWN ON THE PLAT OF GRAND OAKS UNIT NO. 2, RECORDED IN BOOK 47 OF MAPS, MAP NO. 28, RECORDS OF SAID COUNTY.

APN: 204-0284-008-0000

2925 Burnece Street, Sacramento, California

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

LOT 50, AS SHOWN ON THE "PLAT OF HOUSER TRACT", FILED IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, IN BOOK 34 OF MAPS, MAP NO. 16.

APN: 269-0051-018